# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-00873-JLK

DEBORAH CARTER,

    Plaintiff,

v.

CREDIT BUREAU OF CARBON COUNTY
d/b/a COLLECTION CENTER, INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT

Kane, J.

This Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") action comes before me on Plaintiff Deborah Carter's Renewed Motion for Partial Summary Judgment, Doc. 23. Summary judgment is inappropriate at this time and the Motion is DENIED.

### I.  SUMMARY JUDGMENT STANDARD

I repeat the catechism that summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Adamson v. Multi. Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir.2008). A fact is material if it could affect the outcome of the suit under governing law; a dispute of fact is genuine if a rational jury could find for the nonmoving party on the evidence presented. *Adamson*, 514 F.3d at 1145. In weighing these standards, I draw all

reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The moving party carries the burden of showing beyond a reasonable doubt that it is entitled to judgment. *Baker v. Board of Regents*, 991 F.2d 628, 630 (10th Cir.1993).

## II.   FACTS

Ms. Carter is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3). Defendant Credit Bureau of Carbon County d/b/a Collection Center, Inc. ("Debt Collector") operates as a collection agency and is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6). The Debt Collector has attempted to collect a financial obligation (the "Debt") alleged to be owed by Ms. Carter that was primarily for personal, family, or household purposes in that the financial obligation arose from obtaining medical services. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5). The Debt Collector communicated credit information regarding the Debt to one or more credit reporting agencies, including Experian, Equifax, and/or TransUnion, for the purpose of collecting the Debt, without reporting that the Debt was disputed.

Ms. Carter contacted the Debt Collector about the Debt and stated that a third party payor, her insurance company, should have paid the Debt. Ms. Carter and the Debt Collector had three telephone conversations about the Debt. During the third conversation, Ms. Carter offered to set up a payment arrangement with the Debt Collector. The parties dispute whether Ms. Carter communicated to the Debt Collector that she owed the debt, i.e. whether she "disputed" the debt for purposes of the FDCPA. Ms. Carter argues that she "disputed" the Debt by telling the Debt Collector that the insurance company should have paid the Debt. The Debt Collector understood Ms. Carter not as disputing that she owed the debt, but rather as explaining what entity would eventually be responsible for paying the debt that she owed. The Debt

Collector agrees that Ms. Carter averred she had insurance coverage for the services that caused the Debt to accrue, but notes that the service agreement incurring the Debt was an agreement between Ms. Carter and the service provider who has no affirmative duty to bill the insurance company and that the relevant insurance agreement is between Ms. Carter and her insurance company, not between Ms. Carter and Defendant or Defendant's Assignor.

### III.    DISCUSSION

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt [including] [c]ommunicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).  Ms. Carter argues that the Debt Collector violated this provision by communicating her credit information to credit reporting agencies and failing to communicate that she disputed the Debt.  The Debt Collector argues that it did not violate the law because Ms. Carter did not dispute the debt.[1]  In short, the dispute is disputed.

There are simply not enough facts on the ground to determine whether a rational jury could consider what Ms. Carter communicated over the telephone as "disputing" the Debt.  As such, the dispute over the dispute is genuine.  It is material because, with it undisputed that the Debt Collector reported Ms. Carter's credit information to credit report agencies and did not communicate that the Debt was disputed, whether Ms. Carter disputed the Debt determines whether the Debt Collector violated 15 U.S.C. § 1692e(8).  Because there is a genuine dispute of material fact, summary judgment is inappropriate.

---

[1] The Debt Collector makes other arguments as well, but these deal with a different provision of the FDCPA and are irrelevant.

IV. CONCLUSION

For the foregoing reasons, Ms. Carter's Renewed Motion for Partial Summary Judgment, Doc. 23, is DENIED.

DATED:   October 6, 2014                BY THE COURT:

                                        *s/John L. Kane*
                                        John L. Kane, U.S. Senior District Judge