IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00873-JLK

**DEBORAH CARTER**,

     Plaintiff,

v.

**CREDIT BUREAU OF CARBON COUNTY d/b/a COLLECTIONCENTER, INC.**,

     Defendant.

---

**MEMORANDUM OPINION AND ORDER**

---

Kane, J.

Before me are Plaintiff's Second Motion for Partial Summary Judgment (Doc. 37) and Defendant's Motion to Compel (Doc. 40). For the reasons that follow, Plaintiff's Motion is **DENIED** and Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

**Background**

In this action, Plaintiff alleges that Defendant's efforts to collect on an alleged debt, including the filing of an action in County Court for Adams County and subsequent reporting of the debt to various credit rating agencies, violated the Fair Debt Collection Practices Act ("FDCPA"), because Defendant knew or should have known that Plaintiff did not owe the debt. Doc. 1 at 3-4. On September 30, 2013, Defendant brought suit in Adams County Court to collect on the alleged debt. Doc. 1 at 3. Plaintiff answered the complaint on November 7, 2013. Doc. 1 at 4. On March 19, 2014, the Defendant moved to dismiss the County Court Action with prejudice and the Court granted the motion. Doc. 37 at 4. Plaintiff now moves for partial summary judgment in this action, arguing that the dismissal with prejudice of the County Court Action establishes that the Plaintiff is not liable on the debt as a matter of law under collateral estoppel, and that therefore Defendant has violated the FDCPA by misrepresenting that Plaintiff

owes the debt.  Doc. 37.  In addition, Defendant has filed a motion to compel seeking discovery regarding Plaintiff's responsibility for the medical services giving rise to the debt.  Doc. 40.

1. **Plaintiff's Motion for Partial Summary Judgment**

**Standard**

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322  (1986); *Henderson v. Inter–Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir.1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir.2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir.1987).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Quaker State Minit–Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir.1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir.1987).

**Analysis**

Collateral estoppel bars relitigation of an issue if: (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and  (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.  *Michaelson v. Michaelson*, 884 P.2d 695, 700–01 (Colo. 1994).

Plaintiff argues that Defendant is precluded by collateral estoppel from arguing that the services at issue were actually received by the Plaintiff, and thus that she is liable on the debt, because that issue was determined by the County Court's dismissal of the County Court Action with prejudice.   The last three elements of collateral estoppel do not appear to be in dispute.  The Defendant was a party to the County Court Action, Defendant's voluntary dismissal with prejudice operates as a final judgment on the merits for collateral estoppel purposes, *see O'Done v. Shulman*, 238 P.2d 1117, 1118 (Colo. 1951), and Defendant could have, but chose not to, fully litigate the issue of Plaintiff's liability on the debt in the County Court Action.   Defendant argues that the first element is not satisfied because no evidence was presented by either party, and that it should be permitted to impeach Plaintiff regarding her liability on the debt.  Doc 41 at 4.

I find that Plaintiff's liability on the debt has not been determined by collateral estoppel because whether or not Plaintiff is liable on the debt has not been "actually litigated and necessarily adjudicated" in the County Court Action.   *Michaelson*, 884 P.2d at 700.  In order for collateral estoppel to apply, the issue in question must have been "submitted for determination and then *actually determined by the adjudicatory body*." *Nichols v. Board of County Com'rs of County of La Plata, Colo.*, 506 F.3d 962, 968 (10th Cir. 2007) (emphasis in original); *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 85-86 (Colo.1999).  As Defendant points out, no evidence on liability was introduced and the action was dismissed voluntarily on Defendant's motion.  *See St. John v. CACH, LLC*, No. 14 C 0733, 2014 WL 3377354, *4 (N.D. Ill. July 8, 2014) (finding state court action did not decide issue of whether plaintiff owed debt for collateral estoppel purposes where state court action dismissed for lack of standing); *Nichols*, 506 F.3d at 968-69 (finding no collateral estoppel effect to consent decree because issues were not actually litigated).

Similarly, to the extent that *res judicata* is at issue, I find that doctrine does not bar litigation of Plaintiff's liability on the debt.   *Res judicata* requires the satisfaction of four elements:

3

(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.  *See Nwosun v. General Mills Restaurants, Inc.,* 124 F.3d 1255, 1257 (10th Cir. 1997).  The third element requires that the suits be based on the same cause of action.  This circuit embraces the transactional approach to the definition of "cause of action."  *See Petromanagement Corp. v. Acme–Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988) (citing Restatement (Second) of Judgments § 24 (1982)).  Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence.  All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation.  *See, e.g.*, *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238–39 (10th Cir. 1992); *Jarrett v. Gramling*, 841 F.2d 354, 357–58 (10th Cir. 1988).

Since Plaintiff's FDCPA claims arise in part from the actions taken by Defendant in the County Court Action itself, Plaintiff could not have raised those claims in the County Court Action and they are a separate "transaction" for *res judicata* purposes.  *See St. John*, 2014 WL 3377354 at *4 (no identity of cause of action for *res judicata* where FDCPA claim was based on representations made in state court proceedings); *In re Banny*, Adversary No. 11–05046–KMS, 2012 WL 7655322, *8 (Bkrtcy. S.D. Miss. Apr. 23, 2012)  (state court action and FDCPA action not the same for *res judicata*  purposes where FDCPA action based on communication that took place after state court action dismissed).

**2.  Defendant's Motion to Compel**

Defendant has moved to compel certain discovery regarding Plaintiff's obtaining the medical services giving rise to the debt, in order to defend itself against Plaintiff's allegations that Plaintiff never owed the debt and that Defendant's representations to the contrary were false.  Doc. 40 at 1-2.  Plaintiff responds that this motion is premature because Plaintiff has agreed to

provide certain of this information to Defendant after her motion for summary judgment is resolved. Doc. 44 at 2. Accordingly, I deny Defendant's motion to compel without prejudice to refiling if the parties are unable to resolve their discovery dispute in light of the resolution of Plaintiff's summary judgment motion.

### **Conclusion**

For the reasons given above, I find that Defendant is not barred from asserting liability on the debt by either collateral estoppel or *res judicata*, and accordingly deny Plaintiff's motion for partial summary judgment. I also deny Defendant's motion to compel without prejudice so that the parties may attempt to resolve the underlying discovery dispute in light of the denial of Plaintiff's summary judgment motion.

Dated:  April 16, 2015                                    **s/ John L. Kane**
                                                          Senior U.S. District Judge