# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-00873-JLK

DEBORAH CARTER,

       Plaintiff,

v.

CREDIT BUREAU OF CARBON COUNTY
 d/b/a COLLECTIONCENTER, INC.,

       Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**Kane, J.**

This matter is before the Court after a one day bench trial. For the following reasons, the Court finds in favor of the Plaintiff.

## Procedural History

On March 25, 2014, Plaintiff Deborah Carter initiated this action by filing her Complaint. Plaintiff's Complaint states one claim for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.* On April 21, 2014, the Defendant Credit Bureau of Carbon County d/b/a CollectionCenter, Inc. ("CCI" or "Defendant") filed its Answer to Plaintiff's Complaint. On May 1, 2015, this case was set for a bench trial on July 13, 2015. On July 13, 2015, a one day bench trial was held.

## Findings of Fact

During 2012, Plaintiff was a patient of Douglas Family Medicine in Castle Rock,

Colorado. During that time, Plaintiff allegedly incurred a debt in the amount of $365 to Douglas Family Medicine, which was assigned to defendant CCI for collection in February of 2013.

On September 30, 2013, after several unsuccessful attempts to contact Plaintiff regarding the debt, CCI sued Plaintiff in the County Court for Adams County in case number 2013C046214. The county court complaint states in paragraph 4 "that the amount claimed from defendant is $365.00 principal, accrued interest in the amount of $16.08, other costs in the amount of $0.00, and future accruing interest at the rate prescribed by statute or by contract; for a total demanded of $381.09." Attached to the complaint is an "Exhibit A" that lists Douglas Family Practice as the assignor of the debt, September 10, 2012 as the "DOS" (Date of Service), and $365.00 as the principal amount of the debt. *See* Ex. 1. Plaintiff was not aware of the debt prior to being served with the complaint in the county court action.

On October 7, 2013, shortly after being served with the county court complaint, Plaintiff contacted CCI regarding the Debt. A recording of this first phone call was admitted into evidence at trial. During this first phone call, Plaintiff explained that she did not believe she owed the debt because any obligation to Douglas Family Medicine should have been paid by her insurance. Plaintiff also indicated during this call that she intended to call her insurance company to determine why it had not paid the debt. CCI's representative stated that whether or not Plaintiff's insurance would pay the debt was a matter between her and the insurance company, and that CCI could not dismiss the case

against Plaintiff unless the balance was paid in full. CCI's notes of this call indicate that "[Plaintiff] said that [s]he had insurance and they should [have] cover[ed] the account]." Ex. 25.

On October 10, 2013, Plaintiff called CCI again. A recording of this second call was admitted into evidence. During this second call, Plaintiff indicated that she had spoken to Douglas Family Medicine and been told that Douglas Family had transposed numbers in Plaintiff's insurance policy, which is why her insurance had not paid the debt at the time it was incurred. Plaintiff also stated that she had called her insurance company and been told that because the claim was over a year old, her insurance company would not pay the claim. Plaintiff then spoke to Douglas Family again, and was told that they could not do anything to correct the mistake because the debt was over a year old. CCI's representative indicated that CCI had been attempting to contact Plaintiff regarding the debt since February 22, 2013, and Plaintiff responded that she had moved "a couple times" since then and had not received any communications from CCI regarding the debt. Plaintiff concluded the call by noting again that she "had insurance," and indicating she would appear in court on the return date and "plead her case to the judge." CCI's notes from this call indicate that Plaintiff "doesn't agree because [the debt] should have been paid." Ex. 25.

On October 30, 2013, Plaintiff called CCI a third time. A recording of this third call has been admitted into evidence. During the third call, Plaintiff again explained that her insurance should have paid the debt, but for Douglas Family's transposition of the

numbers in her policy. She also stated that she had a work-related conflict with the November 13, 2013 court date. CCI told Plaintiff that billing her insurance is a "courtesy," and that if she was not able to pay the balance in full a default judgment might issue against her. Plaintiff and CCI's representative then discussed a possible payment plan, but CCI explained that notwithstanding any payment arrangement, unless the balance was paid in full by November 13, 2013, a default judgment might still be entered against her.

After the October 30 phone call, Plaintiff hired counsel to represent her in the county court case. On or about November 7, 2013, counsel for Plaintiff filed an answer in that case. In response to the allegations in the complaint that Plaintiff owed a debt to Douglas Family Medicine in the principal amount of $365.00, the answer stated that Plaintiff "lacks information and knowledge sufficient to form a belief as to the truth [of those allegations], and . . . accordingly denies the same."

During the period in which CCI was attempting to collect the debt, it reported credit information to one or more credit reporting bureaus without ever reporting that the debt was disputed. On March 19, 2014, CCI filed a motion to dismiss the county court case with prejudice because it was unable to obtain an witness from its client Douglas Family Medicine. On March 24, 2014, the County Court for Adams County dismissed CCI's case with prejudice. Shortly thereafter, CCI had the debt removed from Plaintiff's credit report.

**Conclusions of Law**

At trial, Plaintiff alleged that CCI violated the FDCPA in two ways. First, Plaintiff alleged that CCI violated Section 1692e(8) by reporting the debt to credit reporting agencies without indicating that Plaintiff disputed the debt. Second, Plaintiff alleged that CCI violated Section 1692e(2)(A) by making false representations as to the character or status of the debt by listing the date of service as September 10, 2012 in Exhibit A to the county court complaint.

### 1.     Violation of Section 1692e(8)

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt [including] [c]ommunicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Reporting information to a credit reporting agency regarding a debt is "communicating credit information" within the scope of Section 1692e(8). *See Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1189 (10th Cir. 2013); *Baker v. I.Q. Data Int'l, Inc.*, No. 14-cv-0114-WJM-MEH, 2015 WL 1945148, *3 (D. Colo. Apr. 29, 2015) (acknowledging the duty to report to credit reporting agencies that a disputed debt is disputed).

The parties do not disagree that a failure to report a disputed debt as disputed on Plaintiff's credit report would constitute a violation of the FDCPA. *See Baker*, 2015 WL 1945148 at *3. The parties disagree, however, whether Plaintiff's statements during the three phone calls constitute a "dispute" of the debt within the meaning of Section

1692e(8). Plaintiff argues that her statement that her insurance should have paid the debt is sufficient, while Defendant argues that billing of Plaintiff's insurance is a "courtesy," and that Plaintiff remains liable on the debt, and thus it is not disputed, no matter whether her insurance did, or should have, paid it.

The FDCPA itself does not define what constitutes a dispute. However, "[a]s [Section 1692e(8)] does not contain an explicit writing requirement, courts have held that it applies to all disputes, even those made orally." *Hudspeth v. Capital Mgmt. Servs., L.P.*, No. 11-cv-3148-PAB-MEH, 2013 WL 674019, *7 (D. Colo. Feb. 25, 2013) (citing *Brady v. The Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir. 1998)). "Furthermore, a debt collector cannot require a consumer to have a valid reason or to submit particular types of documentation in order to dispute a debt." *Id.* (citing *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001)). "There is no requirement that any dispute be 'valid' for this statute to apply; only that there be a dispute." *Hoffman v. Partners in Collections, Inc.*, No. 93 C 4132, 1993 WL 358158, *4 (N.D. Ill. Sept. 13, 1993). Construing another section of the FDCPA, the Seventh Circuit has held that "[u]nsophisticated consumers, whatever else may be said about them, cannot be expected to assert their § 1692c(a)(3) rights in legally precise phrases." *Horkey v. J.V.D.B. & Assocs.*, 333 F.3d 769, 773 (7th Cir. 2003).

I find that Plaintiff's statements during the three phone calls were sufficient to dispute the debt under Section 1692e(8). Plaintiff repeatedly informed Defendant that she had insurance during the entire time that she was a patient of Douglas Family

Medicine, and that her insurance should have paid any alleged debt. In fact, it appears to be undisputed that but for mistakes made by Douglas Family Medicine, either through transposing the numbers in Plaintiff's insurance policy, in confusing Plaintiff with another Deborah Carter, or both, Plaintiff's insurance would have and should have paid the debt. Defendant may be correct that Plaintiff remains ultimately liable for the debt as a matter of contract, but as indicated above, Plaintiff need not prevail on the merits of her argument that she is not liable for the debt in order for the debt to be disputed within the meaning of Section 1692e(8). *See Hudspeth*, 2013 WL 674019 at \*7; *Hoffman*, 1993 WL 358158 at \*9. My finding that a statement that insurance should have paid an alleged debt is a dispute within the meaning of Section 1692e(8) is consistent with the plain meaning of "dispute," ("to argue about" or "to call into question"). It is also consistent with the ordinary way that consumers (and in particular, the least sophisticated consumer) understand billing for medical services, namely, that insurance should under most circumstances cover the majority of the charges. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The most widely accepted test for determining whether a collection letter violates § 1692e is an objective standard based on the 'least sophisticated consumer.'"). Finally, my holding is consistent with the requirement that the FDCPA "should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

Because the Defendant reported the debt to a credit bureau, the FDCPA obligated the Defendant to report that debt as disputed. "[A] debt collector does not have an

affirmative duty to notify CRAs that a consumer disputes the debt *unless* the debt collector knows of the dispute and elects to report to a CRA." *Llewellyn*, 711 F.3d at 1189 (emphasis supplied). Thus, CCI violated the FDCPA by failing to report the debt as disputed.

### 2.      Violation of Section 1692e(2)(A)

Section 1692e(2)(A) prohibits a debt collector from making false representations as to the "character, amount or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiff alleges that Defendant violated this section by inaccurately representing in its county court complaint that the date of service corresponding to the debt was September 10, 2012, when in fact, Plaintiff did not obtain any services from Douglas Family on that date. At trial, the testimony showed that Defendant obtained the September 10, 2012 date from its client Douglas Family, and that it was not until Plaintiff executed a HIPAA release in the course of this litigation enabling Defendant to obtain the underlying records that Defendant discovered that September 10, 2012 was actually the date of Plaintiff's last payment, and not the date of service as represented in Exhibit A to the Defendant's county court complaint.

I find that Defendant's error regarding the date of service did not violate Section 1692e(2)(A) because Defendant reasonably relied on information provided to it by the original creditor. *See* 15 U.S.C. § 1692k(c); *Clark v. Capital Credit & Collection Servs. Inc.*, 460 F.3d 1162, 1177 (9th Cir.2006) ("[I]f a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors.");

*Solomon v. Baer & Timberlake, P.C.*, 504 Fed.Appx. 702, 705 (10th Cir. 2012) (unpublished). In addition, Exhibit A to the county court complaint accurately identifies both the creditor and the amount of the debt. The cases cited by the Plaintiff in her proposed conclusions of law involve more serious and substantive misrepresentations that were "patently confusing" and served to "hide[] the character of the debt." *See Smith v. Am. Revenue Corp.*, No. 2:04-cv-199-PRC, 2005 WL 1162906, *5-6 (N.D. Ind., May 16, 2005) (finding a violation of Section 1692e where collection agency letter listed a lump sum owed to "various accounts" and failed to identify the original creditors or the amounts due to those creditors); *Moran v. Greene & Cooper Att'ys LLP*, 43 F.Supp.3d 907, 913-14 (S.D. Ind. 2014) (finding a violation of Section of 1692e had been alleged where letter identified the creditor only as "Unknown"). Accordingly, I find that Defendant has not violated the FDCPA by listing an incorrect date of service in Exhibit A to the county court complaint.

   **3. Damages**

   The FDCPA allows Plaintiff to recover both actual and statutory damages. *See* 15 U.S.C. § 1692k(a). Plaintiff has not alleged nor sought any actual damages. The Court may award up to $1,000 as statutory damages after consideration of "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

   In this case, Defendant's representative testified that Defendant's decision not to treat Plaintiff's statements that insurance should have paid debts for medical services as

disputes was both intentional and a matter of policy. Accordingly, it appears likely that Defendant's noncompliance has been both frequent and persistent. Under these circumstances, I will award Plaintiff the full $1,000 in damages permitted by statute.

It is hereby **ORDERED** that judgment shall enter in favor of Plaintiff Deborah Carter and against Defendant Credit Bureau of Carbon County d/b/a CollectionCenter, Inc. in the amount of $1,000 for violation of the Section 1692e(8) of the Fair Debt Collection Practices Act. Plaintiff is entitled to recover reasonable attorney fees and costs incurred in prosecuting this action. *See* 15 U.S.C. § 1692k(a)(3). It is further **ORDERED** that Plaintiff shall file any motion for an award of attorney fees and bill of costs within fourteen (14) days of the date of this order.

Dated:  July 20, 2015                                          **s/ John L. Kane**
                                                                                Senior U.S. District Judge